**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISON**

| | | |
|---|---|---|
| MARIA CUELLAR,  and EMMA STEWART, *on behalf of themselves and others similarly situated*, | ) ) ) ) | Case No. 4:19-cv-922 |
| Plaintiffs, | ) ) | |
| v. | ) ) | CLASS ACTION COMPLAINT |
| ALLIED INTERSTATE, LLC | ) ) | Jury Trial Demanded |
| Defendant. | ) ) | |

**Nature of this Action**

1.      Marie Cuellar and Emma Stewart ("Plaintiffs") bring this class action against Allied Interstate, LLC ("Defendant") and allege that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.      Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

*        *        *

 (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3.      Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system or an artificial or prerecorded

1

voice to place non-emergency calls to numbers assigned to a cellular telephone service, without

prior express consent, in that it continues to place calls to cellular telephone numbers after being

instructed to stop calling those numbers.

4.      Section 1692d of the FDCPA provides, in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which
is to harass, oppress, or abuse any person in connection with the collection of a
debt. . . .

5.      Upon information and good faith belief, Defendant routinely violates 15 U.S.C. §

1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse

consumers in connection with the collection of debts, in that it continues to place calls to telephone

numbers after being instructed to stop calling those numbers.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C.

§ 1692k(d), and 28 U.S.C. § 1331.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b), as a portion of the acts

and transactions giving rise to Plaintiffs' action transpired in this district, and as Defendant

transacts business in this district.

## Parties

8.      Ms. Cuellar is a natural person.

9.      At all relevant times Ms. Cuellar resided in Houston, Texas.

10.     Ms. Stewart is a natural person.

11.     At all relevant times Ms. Stewart also resided in Houston, Texas.

12.     Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14.     Defendant is a limited liability company incorporated in Minnesota and Headquartered in Plymouth, Minnesota.

15.     Defendant is a subsidiary of iQor Holdings, Inc., a business process outsourcing company headquartered in St. Petersburg, Florida.

**Factual Allegations**

16.     Plaintiffs are current or former customers of Synchrony Bank.

17.     On or around June 25, 2018, Ms. Cuellar placed a call to Defendant and asked Defendant to stop calling her cellular telephone number—(832) XXX-8050.

18.     Defendant acknowledged Ms. Cuellar's request, identified an outstanding balance on her Walmart credit card, confirmed that Defendant would place a note on her account indicating that Defendant would stop calling her cellular telephone number, and confirmed that she would no longer receive telephone calls from Defendant.

19.     No matter, Defendant continued to place calls—over 80 of them—to Ms. Cuellar's cellular telephone number.

20.     On or around March 23, 2018, Ms. Stewart placed a call to Defendant and asked Defendant to stop calling her cellular telephone number—(713) XXX-7271.

21.     Defendant acknowledged Ms. Stewart's request, identified an outstanding balance on her Walmart credit card, confirmed that her cellular telephone number would be removed from her account, and confirmed that she would no longer receive telephone calls from Defendant.

22.     No matter, Defendant continued to place calls—over 70 of them—to Ms. Stewart's

cellular telephone number, including telephone calls placed with an artificial or prerecorded voice.

23.     Upon information and good faith belief, and in light of the frequency, number,

nature, and character of the calls at issue, Defendant placed its calls to Plaintiffs' cellular telephone

numbers by using an automatic telephone dialing system.

24.     Upon information and good faith belief, and in light of the frequency, number,

nature, and character of the calls at issue, Defendant placed its calls to Plaintiffs' cellular telephone

numbers by using "equipment which has the capacity—(1) to store numbers to be called or (2) to

produce numbers to be called, using a random or sequential number generator—and to dial such

numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v.*

*Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

25.     Upon information and good faith belief, and in light of the frequency, number,

nature, and character of the calls at issue, Defendant placed its calls to Plaintiffs' cellular telephone

numbers by using (i) an automated dialing system that uses a complex set of algorithms to

automatically dial consumers' telephone numbers in a manner that "predicts" the time when a

consumer will answer the phone and a person will be available to take the call, or (ii) equipment

that dials numbers and, when certain computer software is attached, also assists persons in

predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired

with certain software, has the capacity to store or produce numbers and dial those numbers at

random, in sequential order, or from a database of numbers, or (iv) hardware, software, or

equipment that the FCC characterizes as a predictive dialer through the following, and any related,

reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing*

*the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459 (September 18, 2002); *In the*

*Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559 (Jan. 4, 2008).

26.     Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers voluntarily.

27.     Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers under their own free will.

28.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiffs' cellular telephone numbers.

29.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiffs' cellular telephone number.

30.     Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiffs' cellular telephone number.

31.     Plaintiffs suffered actual harm as a result Defendant's calls in that they suffered an invasion of privacy, an intrusion into their lives, and a private nuisance.

32.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent, in that it continues to place calls after being instructed to stop calling those numbers.

### Class Action Allegations

33.     Plaintiffs bring this action under Federal Rule of Civil Procedure 23, and as representatives of the following classes:

> *TCPA Class:* All persons and entities throughout the United States (1) to whom Allied Interstate, LLC, placed, or caused to be placed, one or more calls, (2)

directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or artificial or prerecorded voice, (4) within four years preceding the date of this complaint through the date of class certification, (5) after the called party instructed Allied Interstate, LLC to cease calling his or her cellular telephone number.

*FDCPA Class*: All persons throughout the United States (1) to whom Allied Interstate, LLC placed, or caused to be placed, one or more calls, (2) within the one year preceding the date of this complaint through the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after the called party instructed Allied Interstate, LLC to stop placing calls to his or her telephone number.

34.     The proposed classes specifically exclude the United States of America, the State of Texas, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fifth Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

35.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

36.     Upon information and good faith belief, the members of the classes are so numerous that joinder of all of them is impracticable.

37.     The exact number of the members of the classes are unknown to Plaintiffs at this time, and can be identified only through appropriate discovery.

38.     The classes are ascertainable in that they are defined by reference to objective criteria.

39.     Upon information and belief, the names and addresses of the members of the classes can be identified through business records maintained by Defendant and by third parties.

40.     There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

41.     Plaintiffs' claims are typical of the claims of the members of the classes.

42.     As it did for all members of the TCPA class, Defendant used an automatic telephone dialing system or artificial or prerecorded voice to place calls to Plaintiffs' cellular telephone numbers, without prior express consent, and in violation of 47 U.S.C. § 227, by placing calls to them after Plaintiffs instructed Defendant to stop calling those telephone numbers.

43.     As it did for all members of the classes, Defendant continued to place calls to Plaintiffs' cellular telephone despite Plaintiffs' instruction to Defendant to stop calling those telephone numbers.

44.     Plaintiffs' claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

45.     Plaintiffs' claims are based on the same theory as are the claims of the members of the classes.

46.     Plaintiffs suffered the same injuries as each of the members of the classes.

47.     Plaintiffs will fairly and adequately protect the interests of the members of the classes.

48.     Plaintiffs' interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

49.     Plaintiffs will vigorously pursue the claims of the members of the classes.

50.     Plaintiffs have retained counsel experienced and competent in class action litigation.

51.     Plaintiffs' counsel will vigorously pursue this matter.

52.     Plaintiffs' counsel will assert, protect, and otherwise represent the members of the classes.

53.     The questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

54.     Issues of law and fact common to all class members are:

    a.  Defendant's violations of the TCPA;

    b.  Defendant's violations of the FDCPA;

    c.  Defendant's conduct, pattern, and practice of continuing to place calls to cellular telephone numbers after being instructed to stop doing so;

    d.  Defendant's use of an automatic telephone dialing system or artificial or prerecorded voice as defined by the TCPA;

    e.  Defendant's status as a debt collector as defined by the FDCPA;

    f.  Defendant's failure to honor cease-and-desist requests from its customers;

    g.  The availability of statutory penalties; and

    h.  The availability of attorneys' fees and costs.

55.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56.     If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

57.     The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

58.     The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

60.     The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

61.     The pursuit of Plaintiffs' claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

62.     There will be little difficulty in the management of this action as a class action.

63.     Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of the TCPA class**

64.     Plaintiffs repeat and re-allege each and every factual allegation included in paragraphs 1-63.

65.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system or artificial or pre-recorded voice to place non-emergency calls to Plaintiffs' cellular telephone numbers, absent prior express consent.

66.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs and the members of the TCPA class are entitled to damages in an amount to be proven at trial.

## Count II
## Violation of 15 U.S.C. § 1692d
## On behalf of the FDCPA class

67.     Plaintiffs repeat and re-alleges each and every factual allegation included in paragraph 1-63.

68.     By calling Plaintiffs after it was aware that it was calling wrong numbers, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt. *See Gilmore v. USCB Corp.*, No. 5:17-CV-119 (MTT), 2017 WL 5230922, at *3 (M.D. Ga. Nov. 9, 2017) ("Moreover, pursuant to § 1692d(5), [a plaintiff] is only required to plead enough facts to show that it is plausible that [the defendant] caused his cellular telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass. *Twombly*, 550 U.S. at 570. He has. Taking the facts in the light most favorable to [the plaintiff], the Court notes that [the defendant], despite being informed it had the wrong number, has placed more than two calls to [the plaintiff's] cellular telephone number. . . . Thus, the Court concludes that [the plaintiff] has stated a claim for relief under § 1692d that is plausible on its face").

69.     As a result of Defendant's violations of 15 U.S.C. § 1692d, Plaintiffs and the members of the FDCPA class are entitled to damages in an amount to be proven at trial

### Prayer for Relief

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)     Determining that this action is a proper class action;

b)     Designating Plaintiffs as class representatives under Federal Rule of Civil Procedure 23;

c)    Designating Plaintiffs' counsel as class counsel under Federal Rule of Civil Procedure 23;

d)    Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692d;

e)    Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the proposed TCPA class.

f)    Awarding Plaintiffs and the classes damages under 47 U.S.C. § 227(b)(3)(B) and 15 U.S.C. § 1692k(a)(1);

g)    Awarding Plaintiffs and the TCPA class treble damages under 47 U.S.C. § 227(b)(3);

h)    Awarding Plaintiffs and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i)    Awarding Plaintiffs and the classes reasonable attorneys' fees, costs, and expenses under 15 U.S.C. § 1692k(a)(3);

j)    Awarding Plaintiffs and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

k)    Awarding such other and further relief as the Court may deem just and proper.

### Trial by Jury

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all triable issues.

Dated: March 13, 2019                                          Respectfully submitted,

                                                                                      */s/ Aaron D. Radbil*
                                                                                      Aaron D. Radbil

Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Alexander D. Kruzyk (to seek
admission *pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
akruzyk@gdrlawfirm.com

*Attorneys for Plaintiffs and the
proposes classes*